1  GARY HARRE, ESQ. (BAR NO. 86398)
   LAW OFFICES OF GARY HARRE & ASSOCIATES
2  1940 W. ORANGEWOOD AVE, STE 110
   ORANGE, CA 92868
3  TELEPHONE: (714) 200-4701
   EMAIL: GHCMECF@GMAIL.COM
4
   ATTORNEY FOR DEBTORS
5          SUSAN LOMAS

FILED
OCT 25 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re )   Case No. 2:10-BK-38296-EC
      )
   SUSAN LOMAS )
      )   DEBTOR'S MOTION FOR SANCTION
      )   AND DAMAGES FOR VIOLATION OF
      )   THE AUTOMATIC STAY, 11 U.S.C. § 362.
      )
      )   DATE: NOVEMBER 2, 2010
      )   TIME: 1:30 PM
      )   HON.: CARROL ELLEN
      )

The Debtor moves the court for an award of damages against WILSHIRE COMMERCIAL CAPITAL LLC and WEST COAST RECOVERY for violations of the automatic stay. The gravamen of the motion is that these parties, post petition, repossessed Debtor's vehicle and continued to hold such vehicle, denying her the use of her car.

### SUMMARY OF FACT

On July 9, 2010, the debtor filed bankruptcy in pro per, Wilshire Commercial Capital LLC as creditors. The court duly gave notice to those entities of the filing.

On 09/29/2010, the debtor's car was towed from her home by West Coast Recovery. There is no dispute that automatic stay is in effect since July 2010 and that Wilshire Commercial Capital LLC was not entitled to tow the car as part of its debt collection efforts. The Debtor contacted

West Coast Recovery who has possession of the car but she was referred to Wilshire Commercial Lending. Debtor informed Wilshire Commercial Lending that it violates the automatic stay and the vehicle was illegally towed. Debtor demanded immediate return of the vehicle and Wilshire Commercial Lending refused to do so because Debtor allegedly failed to attend the Creditor Meeting. Thus, Wilshire Commercial Lending has right to tow the vehicle.

The debtor experienced anxiety and stress as a result of the continued withholding of his car and the utter indifference of Wilshire Commercial Lending to the automatic stay. Her doctor prescribed sleeping pills. She was without access to her car.

## LEGAL ANALYSIS

**A.    Standard on a Motion for Sanction under 11 U.S.C. 362(k).**

Section 362(k) of the Bankruptcy Code states, in relevant part, that an "individual injured by any willful violation of a stay provided by this section [i.e. Section 362(a)] shall recover actual damages, including costs and attorneys' feeds, and in appropriate circumstances, may recover punitive damages ..." In Re Wingard, 382 B.R. 892, 900 (2008). "Thus it appears that the provisions of the statute come into effect upon showing that: (1) a violation of the automatic stay has occurred; (2) the violation was willful; and (3) the willful violation has caused injury to the debtors." Id.

**B.    Creditor Has Come Within the Ambit of section 362(k)**

   **1.    Repossession of Car to Coerce Payment of Prepetition Debts Violates the Stay.**

A creditor, with knowledge of the stay, has affirmative duty to act terminate ongoing violations of the automatic stay, (Eskanos , 309 F.3d 1210 (9th Cir. 2002) since knowing retention of property of the estate violates the stay. In re Del Mission Limited: SBOE v. Taxel, 98 F.3d 1147, 1151 (9th Cir. 1996). There can be no doubt that Wilshire Commercial Lending and West Coast Recovery, had knowledge of the commencement of the case. The court gave such notice; the debtor, repeatedly, gave such notice.

   **2.    Creditor's Violation of the Automatic Stay was Willfull.**

Creditor received notification of bankruptcy proceedings, but still consciously chose to move forward with the repossession of Debtor's vehicle. "It is a willful violation of the

automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been file ...Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intention." In re Wingard, 382 B.R. at 901 (internal citations omitted.)

### 3. Debtor Has Been Injured by Creditor Willful Violation of Automatic Stay.

Debtor's live turned upside down because she has no transportation. Emotional distress damages are compensable under the Bankruptcy Code.

> The [automatic] stay is the first part of bankruptcy relief, for it gives the debtor a respite from the forces that led him to bankruptcy. Frequently, a consumer debtor is severely harassed by his creditors when he falls behind in payments on loans. The harassment takes the form of abusive phone calls at all hours, including at work, threats of court action, attacks on the debtor's reputation, and so on. The automatic stay takes the pressure off the debtor. Id. at 902.

Further, Debtor have incurred attorney's fees and costs in the continued defense of this illegal collection activity, and which is also sanctionable. In re Peterkin, 102 B.R. 50, 53 (1989)(the Court further finds that the violation in this case was willful. Section 362(h) of the Bankruptcy Code provides that "[a]n individual injured by a willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, an, in appropriate circumstances, may recover punitive damages).

### Damages

Section 362(k)(1) provides that the court shall award an individual his costs and attorneys fees, in addition to actual damages. An award of punitive damages is available under appropriate circumstances.

The debtor's damages include his out of pocket expenses associated with trying to retrieve her car; her expenses associated with the filing of this motion, including attorneys fees, copy and mailing costs; her time spent interacting with Wilshire Commercial Lending and West Coast Recovery; the loss of use of his vehicle; etc. The debtor lost precious time from her personal

and professional life, and suffered interruption, annoyance and continuing anxiety as she tried to complete her PhD. and keep possession of her car.

Actions by Wilshire Commercial Lending and West Coast Recovery in repossessing her car and continuing to hold the car post petition, interfered with the debtor's timely completion of her studies.

The debtor was required to seek medical treatment for the stress occasioned by the post petition disputes with these Creditors, worsening a pre existing condition.

The court, in considering an award of damages, should consider the callous abuse of power by the creditors and their agent involved, who have consistently used their clout as "Creditor" to frustrate the debtor's enjoyment of the protection he is entitled to under the Bankruptcy Code. It is significant that despite an abundance of notice of the bankruptcy, and debtor's repeated efforts to draw it to their attention as it impacts the debtor and her vehicle, from top to bottom of Wilshire Commercial Lending has remained absolutely indifferent to the pendency of the Chapter 13. At no point to date has any one from Wilshire Commercial Lending had the grace to say "oops, we goofed" and taken action to make things right. They plow on, as though inconvenient federal laws don't apply to them.

Since actions taken in violation of the automatic stay are void, the court is urged to award, as an element of damages for violation of the stay, and punitive damages.

DATED this 23th day of October, 2010.

Respectfully Submitted;

_____
Gary Harre, Esq.

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION FOR SANCTION AND DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY, 11 U.S.C. § 362**

I, SUSAN LOMAS, declare:

1. I am the debtor in case number 8:10-BK-38296-EC. If called upon to testify as to the matter set forth in this declaration, I could and would competently testify thereto based upon my personal knowledge.

2. On September 29, 2010, West Coast Recovery came to my house and towed my 2000 BMW Roadster parked on my driveway.

3. I informed the tow truck driver from West Coast Recovery that there is pending bankruptcy proceeding and automatic stay in effect. Therefore, my vehicle cannot be taken.

4. The tow truck driver contacted someone at Wilshire Commercial Capital and informed me that he had to tow the car based on the specific instruction given by Wilshire Commercial Capital. Any further question, should be directed at such creditor.

5. I contacted Wilshire Commercial Capital and was told they have authority to take possession of the car because I failed to attend the creditor meeting.

6. I informed Wilshire Commercial Capital that such representation was not correct and in fact, they need leave of Court to terminate the automatic stay before they can take the vehicle.

7. Furthermore, I have approximately over $6,000.00 in equity from the vehicle and need the car for transportation.

8. Since then, I have made numerous contact with Wilshire Commercial Capital and West Coast Recovery to obtain my car back without success.

9. Because of these Creditors' action, I am without a car for transportation for my schooling as I am in my PhD program.

10. In order to take back my car, I have spent $1,500.00 for attorney fee to bring this motion and anticipated to spend additional amount for my attorney to attend the hearing.

1  I declare under the penalty of perjury that the above information is correct.

2  DATED this 23th day of October, 2010.

Respectfully Submitted;

_____
Susan Lomas.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1940 W. Orangewood Ave., Ste 110
Orange, CA 92868

A true and correct copy of the foregoing document described as Debtor's Motion for Sanction and Damages for Violation of The Automatic Stay, 11 U.S.C. 362

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 10/25/10, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Wilshire Commercial Capital, LLC, attention-Legal Department: 4727 Wilshire Blvd Ste 100, Los Angeles CA 90010.
West Coast Recovery: PO Box 2017, Upland CA 91785.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 10/25/10, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Judge Carrol Ellen

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/25/10 | RICHARD VO | [signature] |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**